UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22604-TORRES

SOCRATES ZAYAS MARTINEZ,

       Petitioner,

v.

UNITED STATES SECRETARY OF STATE,
*et al.*,

       Respondents.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause comes before the Court on Respondent, the United States Department of State's Motion to Dismiss Petition for Writ of Mandamus. [D.E. 7]. Petitioner has not filed a response to the Motion, and the time to do so has passed. The Motion, therefore, is ripe for disposition. After careful review of the Motion and relevant authorities, and for the reasons set forth below, Respondent's Motion is **GRANTED**.[1]

The Petition in this case seeks as relief "the adjudication of [Petitioner's] passport application." [D.E. 1 at ¶ 16]. In the pending Motion, Respondent represents that, since the time this action was filed, "Petitioner's Application has been adjudicated." [D.E. 7 at 3]. Respondent also attaches an exhibit to the Motion, which provides a letter issued from Respondent to Petitioner that addresses Petitioner's

---

[1] The Undersigned is the presiding consent Judge on this case, as no party timely requested reassignment. [D.E. 6].

1

passport application. [D.E. 7-1]. Consequently, Respondent argues that it "has resolved the 'live controversy' set forth in the Petition and the relief requested therein is now moot." [D.E. 7 at 3].

Based on Respondent's argument and accompanying exhibit, we agree that the only relief Petitioner requests is the adjudication of his passport application, and that Respondent appears to have adjudicated that passport application. This is especially true where no response has been filed by Plaintiff. We thus agree that, based on the record before us, the Petition [D.E. 1] is moot. *See Bathazi v. U.S. Dep't of Homeland Sec.*, 667 F. Supp. 2d 1375, 1378 (S.D. Fla. 2009) (granting motion to dismiss for mootness where "Bathazi brought this action to compel the Defendants to adjudicate his fourth I–140 petition. The Complaint seeks only unspecified injunctive relief with respect to that petition, and does not request damages. As Bathazi acknowledges, his fourth petition has now been adjudicated. Even if there were no other jurisdictional bar, there is no longer any live controversy remaining for this Court to consider.").

Accordingly, because there is no live controversy to address, Respondent's motion to dismiss for mootness is **GRANTED**. This action is now **CLOSED**.

**DONE and ORDERED** in Chambers at Miami, Florida this 23rd day of September, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge